UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN B. GRIGSBY,<br>            Plaintiff,<br>    v.<br>U.S. DEPT OF JUSTICE, et al.,<br>            Defendants. | Case No.  25-cv-00192-DMR<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 23 |

On August 19, 2025, the court denied Plaintiff Calvin Grigsby's motion for summary judgment, which was styled as a "motion for expedited processing (Rule 56)." [Docket No. 22 (Order); *see* Docket No. 16 (MSJ).]  Grigsby now seeks leave to file a motion for reconsideration of that Order.[1]  [Docket No. 23 (Mot.).]

This matter is suitable for determination without oral argument.  Civ. L.R. 7-1(b), 7-9(d). For the following reasons, Grigsby's motion for reconsideration is denied.

## I. BACKGROUND

The Order sets forth a detailed factual history of this case.  Order at 1–4.  As is relevant here, on May 28, 2025, Grigsby filed a motion for summary judgment which sought expedited processing of his Freedom of Information Act ("FOIA") request to the Federal Bureau of Investigation.  *See* MSJ.  The motion for summary judgment presented three arguments: (1) the FBI failed to show due diligence in processing, which "calls for expedited processing"; (2) the FBI had no credible basis for denying Grigsby's request for expedited processing; and (3) compelling needs warranted expedited processing, namely, media interest, Grigsby's need to "rectify due process violations in

---

[1] Grigsby purports to bring his motion under Civil Local Rule 7-9(b) and Federal Rule of Civil Procedure 54(b).  Rule 54(b), titled "Judgment on Multiple Claims or Involving Multiple Parties," does not set forth procedures for seeking reconsideration of a court order.

1    two separate acquittals," and an anticipated expungement motion. *Id.* at 6–17.

2    On August 19, 2025, the court denied the motion for summary judgment. *See* Order. The
3    court found there was no evidence that the FBI was not diligent in responding to Grigsby's FOIA
4    request, as it provided responses within the statutory deadline. *Id.* at 7–11. The court further found
5    that the FBI properly denied Grigsby's request for expedited processing, as there was no evidence
6    that Grigsby had met any of the statutory requirements set forth in 5 U.S.C. § 552(a)(6)(E) or 28
7    C.F.R. § 16.5(e)(1) to warrant expedited processing. *Id.* at 11–12.

8    **II.   LEGAL STANDARD**

9    Civil Local Rule 7-9 provides that, "[b]efore the entry of a judgment adjudicating all of the
10   claims and the rights and liabilities of all the parties in a case, any party may make a motion before
11   a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any
12   interlocutory order on any ground set forth in Civil L.R. 7-9(b)." A party seeking leave to file a
13   motion for reconsideration must "show reasonable diligence in bringing the motion" and one of the
14   following three grounds: (1) a material difference in fact or law exists from that which was presented
15   to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration
16   did not know at the time of the order for which reconsideration is sought; (2) the emergence of new
17   material facts or a change of law; or (3) a manifest failure by the court to consider material facts or
18   dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)–(3). The moving party
19   may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).
20   Whether to grant or deny a motion for reconsideration is in the sound discretion of the district courts.
21   *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

22   **III.  DISCUSSION**

23   Grigsby contends that the court only addressed one of two arguments he presented for
24   summary judgment:

25   > The [motion for summary judgment] makes two entirely separate
26   > claims for summary based on two entirely separate legal bases:
27   > A. Plaintiff's First Claim—request to [promptly] expedite because the
     > Agency failed to exercise due diligence following a "determination"
28   > 5 USC §552(a)(6)(A)(ii)(I). (See, Dkt. 18, p. 1-13) (the "Failure to
     > Process Determination Claim"), and

2

    B. Plaintiff's Second Claim—request for expedited treatment under 28 C.F.R. §16.5 (e)(1)(iv): "A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity that affect public confidence (the "Widespread Media Interest Claim"). (Dkt. 18, p. 13 headnote and discussion pp. 13-15.)

Mot. at 1 (second brackets in the original). Grigsby moves for reconsideration on grounds that the "Order . . . does not rule on Plaintiff's 'Failure to Process Determination Claim.'" *Id.*

  Grigsby's argument lacks merit because the court only permitted him to file an early summary judgment motion on a narrow issue. Grigsby was "granted leave to Plaintiff to file an early Rule 56 motion solely to challenge the denial of his request for expedited processing of his FOIA request." [Docket No. 14.] His argument that he is entitled to expedited processing "because the Agency failed to exercise due diligence following a 'determination' [under] 5 USC §552(a)(6)(A)(ii)(I)" does not relate to the FBI's denial of his request for expedited processing. Rather, Grigsby contends he is entitled to expedited processing as a remedy for the FBI's failure to timely process and produce documents following its October 5, 2022 email. Because this argument falls outside the scope of the court's grant of leave, the fact that the court did not make any explicit findings as to the implications of the October 5, 2022 email is not grounds for reconsideration. This ruling is without prejudice to Grigsby's ability to advance his "Failure to Process Determination Claim" argument at an appropriate juncture of the case.

## IV. CONCLUSION

  For the reasons stated above, Grigsby's motion is denied. The court will hold a further case management conference on March 18, 2026 at 1:30 p.m. via Zoom webinar. The parties shall file an updated joint case management statement by March 11, 2026.

  **IT IS SO ORDERED.**

Dated: December 15, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

3